Mr. Justice Clayton
delivered the opinion of the court.
The appellant Stewart sold to one Covington a tract of land in Hinds county, and took from him a deed of trust upon it to secure the payment of the purchase-money. Covington after-wards granted to the Raymond Railroad Company the right of way over this tract of land, so far as he had title, or power to do so. This seems to have been without consideration, and a mere gratuity. Subsequently the land was sold under the deed of trust, and was again purchased by Stewart. In the meantime the road had been constructed, and put in operation. A controversy then arose between him and the Raymond Railroad Company, as to the payment of damages, for the right of way over the land. By mutual agreement they referred the amount to arbitration, and the sum awarded to Stewart was nine hundred dollars. No part of this sum has been paid; and the company alleges its total inability to pay, as an excuse for its failure to do so. The appellant, on more than one occasion, sought payment, and finally gave a notice that unless the damages were paid by a specified day, he should close his fences and obstruct the passage of the cars. Before the day, the company obtained an injunction to prevent the obstruction of the way by Stewart. He then filed a bill and procured an injunction against the company, to prevent the running of the cars over his premises. The chancellor made the injunction of the company perpetual, and dismissed the bill of Stewart.
*575 It is insisted in argument, that Stewart is a creditor at large of the company for his damages, and has no right to urge their payment as a condition precedent to the enjoyment of the right of way by the company. There was no stipulation in the contract for a credit, the presumption therefore is, that the damages were to be paid before the right became vested. If this were not the case, a man might be forced to part with his property, and never be able to obtain compensation. See Thompson v. Grand Gulf R. R. and Banking Company, 3 How. 240.
If not a condition precedent, the payment ought at least to have been a concurrent act, to perfect the right. He who comes into equity, must do equity. He who seeks to compel a specific performance, must do all that is incumbent upon him, or he cannot succeed. Viewed in this light, we do not perceive how the company can have right to prevent the full exercise of ownership by the complainant, until they pay or tender the amount of damages. Covington was not entitled to convey even an easement to the company, except subject to the payment of the purchase-money. He could place them in no better condition than he occupied himself. The company does not pretend that the purchase-money has been paid; neither does it deny its liability to pay the damages awarded. It only insists, that it is entitled to an indefinite credit, and to the intermediate enjoyment of the easement, until the money to pay can be made. We know of no principle to sustain this assumption; and the decree upon the bill of the company must be reversed, and the bill dismissed.
If the company has no right to the easement, before payment of the damages, the proposition that Stewart has a right to restrain the passage of the cars until such compensation, would seem to follow as an inevitable consequence.
The doctrine in regard to the dedication of land to public uses, has no sort of application to this kind of case.
The only question with us, is as to the power of a court of equity to interpose. An action at law would give no adequate relief, as the company is unable to pay, unless the road could *576 be made subject to the execution — about which we give no opinion.
The jurisdiction of equity to prevent waste, where no compensation can be had at law, seetns to be established; especially “ where the nature of the injury is such that a preventive remedy is indispensable, and where it should be permanent.” 2 Story’s Eq. 200. Unless such jurisdiction in this instance be exercised, Stewart is exposed to the transit of the cars over his land for an indefinite period, with but little prospect of compensation. It is a case, in our view, for equitable relief.
The decree of the court below is reversed, and the bill of the Railroad Company dismissed with costs. The bill of Stewart, together with its injunction, is directed to be retained in the chancery court for farther proceedings. Upon payment of the damages in reasonable time, that court will make a decree for the quiét enjoyment of the easement by the company; upon failure to make such payment, the injunction will be made perpetual.
Decree reversed.